### Case No. 4,325.

**ELASTIC TRUSS CO. v. PAGE et al.**

[4 Ban. & A. 328; [1] 16 O. G. 1045.]

Circuit Court, D. Massachusetts. June, 1879.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

F. W. Jacobs, and George E. Betton, for complainant.

George L. Robert and John L. S. Roberts, for defendants.

LOWELL, Circuit Judge. This case furnishes a good illustration of the way in which a meritorious invention may be justly defeated, and yet the inventor may have honestly claimed an article of manufacture which he invented and supposed that he was the first to make.

The patent is for a truss made up of a flexible body-brace, to which are attached adjustable pads, and the brace and pads are kept in position by an elastic band passing round the body and another or two others passing under the thigh or thighs.

There are three particulars in which the complainant finds novelty in its truss: First, in making the short body-brace or support, which covers a part of the abdomen, of a certain degree of flexibility, so that it will bend with the movements of the body, but will not wrinkle or bend back upon itself. Second, in fastening the elastic bands with a slot and pin, instead of buckles. Third, in making the pads adjustable.

The defendants deny that the pads of the plaintiff are adjustable, in any proper sense to make them new in the combination. In several of the earlier patents the statement is that the pads are to be adjusted or adapted to the patient, and they are then to be sewed into their proper position. In the patent of Dike the pads are set upon a plate, in which is a hole for a screw, and, in order to adjust a pad, it is screwed upon the part of the body-brace where it should go. It is not adjustable by any contrivance for moving it when once it has been screwed into position, any more than the old pads when sewed into position.

I am inclined to think that a pad and plate adapted to be screwed, though miscalled adjustable, might be a new element in a combination; but this I do not decide. Braces or supporters for the abdomen more or less flexible, elastic bands for the body and the thighs, and fastenings by pin and slot are found in some of the several earlier patents introduced in evidence. If the plaintiff's adjustable pads are not a new element, then the combination is found in Wood's English patent granted in 1859, provided his support or brace, to which the pads are attached, is flexible. He describes his support or brace as "a plate of metal, or of any other suitable material, of such shape and size as will allow of its being comfortably worn," &c., and there is no doubt that a metal plate may be made flexible; but whether Wood knew that flexibility was important and intended his plate to be made flexible, is a fair question.

It is proved by evidence admitted to be

true, that a form of truss was made and sold in Boston some years before the date of this patent, which was a modification of what is called the "London Supporter." This article, in its usual form, had a broad flexible band or brace for supporting the abdomen, which was fastened round the body and the thighs by a band partly of leather and partly of elastic webbing. By the witness Richard Palmer, in the employ of Codman & Shurtleff, well-known dealers in this city, there were added to this supporter pads made adjustable, precisely as Dike's are made adjustable, by a plate and screw. The thigh-band was fastened to the plate by a pin and slot, and the body-band was attached to the brace or supporter by buckles. These articles were sold in several instances, and one, which is an exhibit in the cause, was worn for about two years during the late war by Captain Nims, commander of the second Massachusetts battery.

The London supporter, as thus modified, differs from the plaintiff's truss as manufactured by them only in this, that the brace or supporter is made partly of leather and partly of elastic cloth, and that the body-band is fastened to the supporter by buckles, while the plaintiff makes a band of several thicknesses of webbing, which will bend backward and forward, so to say, but will not wrinkle or bend back upon itself, and his body-band, like the thigh-bands in both of the trusses, is fastened to the plate of the pad by a pin and slot.

As to the brace or support for the abdomen, the patent says it should be made of "leather, cloth, or other flexible material." It does not point out the necessity of any exact degree of flexibility.. The truss of the London supporter is made of leather and cloth, and is flexible, and there can be no possible question that, if it had not been made before 1867, it would infringe the patent.

With respect to the fastening of the band, the early patents and the London supporter itself prove that a pin or slot was one well-known mode of fastening, as a substitute for the strap and buckle in trusses; and to fasten both bands in this mode when one band of the anticipating truss was so fastened, or to fasten it to the plate of the pad rather than to the brace which holds the pad, which is not proved to make any change in its operation as a band, is not enough to establish a novelty in the Dike combination as compared with this modified London supporter, which, I dare say, was wholly unknown to Dike, but which, so far as the validity and construction of his patent are concerned, he is conclusively presumed to have been conventionally acquainted with, and which, therefore, anticipates and defeats his patent, so far as it is in issue here. There is one detail of his invention which the defendants do not use, and which, for anything that appears in this case, was new. Bill dismissed, with costs.